AO 243 (Rev. 01/15)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Southern District of New York | |
|---|---|---|
| Name (under which you were convicted): Mohamed Rashed Daoud al-Owhali | | Docket or Case No.: 98-cr-1023 |
| Place of Confinement: USP-Marion / CMU | | Prisoner No.: #42371-054 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | |
| V. Mohamed Rashed Daoud al-Owhali | | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of New York
   Foley Square Division
   New York, NY

   (b) Criminal docket or case number (if you know): 98-cr-1023

2. (a) Date of the judgment of conviction (if you know): May 29, 2001

   (b) Date of sentencing: October 23, 2001

   RECEIVED JAN 2 9 2020 PRO SE OFFICE

3. Length of sentence: life plus 40 years

4. Nature of crime (all counts):

   Count 1: conspiracy to murder 18 USC §2332(b)
   Count 2: conspiracy to murder 18 USC §1114, 1116, 1117
   Count 3: conspiracy to use weapon of mass destruction 18 USC §2332a
   Count 4: conspiracy to damage/destroy US property 18 USC §844(n)
   Count 5: bombing of US embassy Nairobi Kenya 18 USC 844(f)(1)/(3)
   Count 7: use of a weapon of mass destruction, 18 USC §2332(a)(1)/(3)
   Count 9-221: murder 18 USC §930(c), 1111
   Count 233-273: murder 18 USC §1111, 1114, et alia

5. (a) What was your plea? (Check one)

   (1) Not guilty [X]      (2) Guilty [ ]      (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   n/a

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [x]   No [ ]

8. Did you appeal from the judgment of conviction?   Yes [x]   No [ ]

-1-

AO 243 (Rev. 01/15)

9.    If you did appeal, answer the following:

(a) Name of court:   Second Circuit Court of Appeals

(b) Docket or case number (if you know):   United States v al-Owhali 552 F 3d 177 (2nd Cir 2008)

(c) Result:   affirmed

(d) Date of result (if you know):   November 24, 2008

(e) Citation to the case (if you know):   as above

(f) Grounds raised:

none of the grounds raised in the appeal are raised in the instant 28 USC §2255 motion

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):   n/a

(2) Result:   n/a

(3) Date of result (if you know):   n/a

(4) Citation to the case (if you know):   n/a

(5) Grounds raised:

n/a

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☒   No ☐

11.   If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:   US District Court for the Southern District of New York

(2) Docket or case number (if you know):   12-cv-03331

(3) Date of filing (if you know):   2012

(4) Nature of the proceeding:   28 USC §2255

(5) Grounds raised:   none of the grounds raised in this withdrawn 28 USC §2255 motion are raised herein

AO 243 (Rev. 01/15)

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes [x]    No [ ]

    (7)  Result: motion was withdrawn without a merits adjudication

    (8)  Date of result (if you know): January 30, 2013

  (b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court: n/a

    (2)  Docket of case number (if you know): n/a

    (3)  Date of filing (if you know): n/a

    (4)  Nature of the proceeding: n/a

    (5)  Grounds raised:

        n/a

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes [ ]    No [ ]  n/a

    (7)  Result: n/a

    (8)  Date of result (if you know): n/a

  (c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:    Yes [ ]    No [x]

    (2)  Second petition:  Yes [ ]    No [ ]  n/a

  (d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

    motion was voluntarily withdrawn

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    as attached

AO 243 (Rev. 01/15)

GROUND ONE:   Al-Owhali is actually innocent of violating 18 USC §924(c) as 18 USC §844(f) does not define a "crime of violence" pursuant to United

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
States v Davis 139 S Ct 2319 (2019).

Argued as per attached.

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes [ ]   No [X]

    (2) If you did not raise this issue in your direct appeal, explain why:

       Issue was not available until June 2019.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes [ ]   No [X]

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: n/a

    Name and location of the court where the motion or petition was filed:

    n/a

    Docket or case number (if you know): n/a

    Date of the court's decision: n/a

    Result (attach a copy of the court's opinion or order, if available):

    n/a

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes [ ]   No [ ] n/a

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes [ ]   No [ ] n/a

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes [ ]   No [ ] n/a

AO 243 (Rev. 01/15)

    (3)  Did you receive a hearing on your motion, petition, or application?

       Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

       Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

       Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    The grounds for relief presented in the instant motion have never been previously presented to any federal court.

14.  Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

    n/a

AO 243 (Rev: 01/15)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes [x]    No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes [ ]    No [x]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

n/a

(b) Give the date the other sentence was imposed:  n/a

(c) Give the length of the other sentence:  n/a

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes [ ]    No [ ] n/a

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion has been brought within one year of the Supreme Court's Davis decision.

AO 243 (Rev. 01/15)

Therefore, movant asks that the Court grant the following relief:

Vacate the conviction on count 283, vacate the sentence on all other convictions, schedule a de novo sentencing hearing.

_____

or any other relief to which movant may be entitled.


n/a
_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  January 21  2020
(month, date, year)


Executed (signed) on  January 21, 2020  (date)


ALowhali X/S)
_____
Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

SOUTHERN DISTRICT OF NEW YORK

Foley Square Division

Mohamed Rashed Daoud al-Owhali  [

    Movant                       [

                                 [

v                                    [    Case No:  98-cr-01023

                                 [

United States of America             [    Judge  Kaplan

    Respondent                   [

                                 [

MOTION TO VACATE, CORRECT, OR, SET ASIDE, A SENTENCE

PURSUANT TO 28 USC §2255
------------------------------------------------------------

Comes Now the Movant, Mohamed Rashed Daoud al-Owhali, and, he Moves this
Court to Vacate, Correct, or, Set Aside, his Sentence in this matter
Pursuant to 28 USC §2255.  In support, al-Owhali states as follows:

Summary
-------

1)  In Count 283 of this matter, al-Owhali was convicted of violating
    18 USC §924(c) by using a firearm, specifically a destructive de-
    vice, in furtherance of Count 5, violating 18 USC §844(f) by malic-
    iously damaging or destroying government property by fire and explos-
    ive.  As 18 USC §844(f) is no longer a crime of violence in light of
    the Supreme Court's June 2019 ruling in United States v Davis 139 S
    Ct 2319 (2019), the conviction on Count 283 must be vacated, and,
    the sentence on the other 267 counts must be vacated, and, this mat-
    ter remanded for resentencing.

Factual and Procedural Background
---------------------------------

2)  This case, indicted as United States v Bin Laden was the main federal
    conspiracy case against the al-Qaeda organization prior to the 9-11
    attacks.  At trial, Counts 1 to 4 alleged various broad conspiracies,

-1-

while counts 5 to 284 dealt with the bombings of the US embassies in Nairobi and Dar Es Salaam, while Counts 285-302 dealt with one defendant's perjury before a Grand Jury.  As a note, the counts listed in the last operative indictment, Doc 550, and, on the judgment and committal order, are not the correct counts of the indictment, but, include as counts 5 and 6 two conspiracies that were not tried, and, other untried counts.  A correct list of the charges appears in United States v al-Owhali 552 F 3d 177 (2nd Cir 2008).

3)   Trial in this matter lasted approximately five months between January 3, 2001, and, May 29, 2001.  On May 29, 2001, the jury convicted al-Owhali of Count One, conspiracy to murder US nationals in violation of 18 USC §2332(b);  Count Two, conspiracy to murder officers and employees of the United States in violation of 18 USC §1114, 1116, and, 1117;  Count Three, conspiracy to use weapons of mass destruction against nationals of the United States in violation of 18 USC §2332a (1) and (3);  Count Four, conspiracy to damage or destroy US property in violation of 18 USC §844(n);  Count Five, bombing of US embassy in Nairobi, Kenya, resulting in more than 200 deaths in violation of 18 USC §844(f)(1), (3), and, 2;  Count Seven, use and attempted use of weapons of mass destruction against US nationals in Nairobi, Kenya in violation of 18 USC §2332(a)(1), (3), and, 2;  Counts Nine To 221, murders in Nairobi, Kenya, in violation of 18 USC §930(c), §1111, and, 2;  Counts 233 to 273, murders of employees of the United States in Nairobi, Kenya, in violation of 18 USC §1111, 1114, and, 2;  Count 274, attempted murder of employees of the United States in Nairobi, Kenya, in violation of 18 USC §1111, 1114, and, 2;  Counts 278-279, murder of internationally protected persons in Nairobi, Kenya, in violations of 18 USC §1111, 1116, and, 2;  Count 282, using and carrying an explosive during the commission of a felony; and,

Count 283, using and carrying a firearm during the commission of Count 5 in violation of 18 USC §924(c) and 2.

4) The United States sought the death penalty in this matter, and, the jury declined to impose the death penalty. On October 23, 2001, al-Owhali was sentenced to life imprisonment on all counts of conviction except count 282, which carried ten years to be served consecutively, and, count 283, which carried thirty years to be served consecutively. Doc 640. Notice of Appeal was timely entered. Doc 636.

5) Appeal was denied by the Second Circuit Court of Appeals November 24, 2008. al-Owhali.

6) In 2012, al-Owhali filed a motion to vacate his sentence pursuant to 28 USC §2255 in al-Owhali v United States SD NY 12-cv-03331. However al-Owhali voluntarily withdrew his motion prior to adjudication on January 30, 2013.

7) In light of the Supreme Court ruling in Davis, al-Owhali now moves to vacate his conviction on Count 283, use of a firearm in furtherance of a violation of 18 USC §844(f), as 18 USC §844(f) is no longer a crime of violence as defined in 18 USC §924(c).

Standards
---------

8) 28 USC §2255 provides that:

"A person in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or, that the court was without jurisdiction to impose such sentence, or, that the sentence was in excess of the maximum authorized by law, or, is otherwise subject to collateral attack, may move the court which imposed the sentence to

-3-

to vacate, set aside, or, correct, the sentence."

9) 28 USC §2255(f) imposes a one year statute of limitations on the fil-
ing of a motion pursuant to 28 USC §2255(a).  This statute of limi-
tations is waived when a claim of actual innocence is made.  Rivas
v Fischer 687 F 3d 514 (2nd Cir 2012); McQuiggin v Perkins 569 US
383 (2013).

10) 28 USC §2255(h) places certain restrictions upon the filing of "se-
cond or successive" motions pursuant to 28 USC §2255.  However, not
all numerically second motions are "second or successive" as a mat-
ter of law.  James v Walsh 308 F 3d 162 (2nd Cir 2002).  Specifically,
to count as a "first" motion, a motion must have been adjudicated on
its merits.  Muniz v United States 266 F 3d 122 (2nd Cir 2001); Walsh.

11) In Davis, the Supreme Court found that 18 USC §924(c)(3)(B) is un-
Constitutionally vague.  United States v Costa 2019 US App LEXIS
23528 (2nd Cir 2019).  Convictions that relied upon 18 USC §924(c)
(3)(B) must now be vacated. , Costa.

Argument
--------

This Motion Is A First, Timely, 28 USC §2255 Motion
---------------------------------------------------

12) Davis was decided in June, and, this motion asserts that al-Owhali is
actually innocent of violating 18 USC §924(c);  that makes this mot-
ion timely.  Al-Owhali's prior 28 USC §2255 motions was voluntarily
dismissed, and, thus, was not decided on the merits;  that makes this
al-Owhali's first 28 USC §2255 motion.  Walsh;  Muniz.  Should the
court find that al-Owhali needs pre-filing authorization for this
motion, al-Owhali asks that it be transferred to the Second Circuit
Court of Appeals for such authorization.

-4-

-----------------------------------------------------------------

13) Count Five of this matter charges al-Owhali with bombing the US
    Embassy in Nairobi, Kenya, in violation of 18 USC §844(f)(1), (3),
    and, 2.  Doc 550 (Count 7).

14) 18 USC §844(f) reads:
    "Whoever maliciously damages, destroys, or, attempts to damage
    or destroy, by means of fire or explosive, any building, vehicle,
    or other personal or real property in whole or in part owned or
    possessed by, or leased to, the United States, or any department
    or agnecy thereof, or any institution or organization receiving
    Federal financial assistance, shall be imprisoned for not less
    then 5 years and not more than 20 years, fined under this title,
    or, both."

15) The language of 18 USC §844(f)(1) parallels that of the general fed-
    eral arson statute, 18 USC §844(i).  Particularly, both statutes
    refer to:
    "Whoever maliciously damages or destroys or attempts to damage or
    destroy, by means of a fire or explosive, any building, vehicle,
    or other real or personal property ..."

16) Every court to consider the issue has found that 18 USC §844(i)
    does not describe a "crime of violence" sufficient to meet the
    "elements clause" definition of 18 USC §924(c), in that it does not
    have as an element "the use, attempted use, or, threatened use of
    physical force against the person or property of another."  Evey
    v United States 2018 US Dist LEXIS 228154 (CD CA 2018);  United
    States v Abed 2019 US Dist LEXIS 155383 (WD Va 2019);  United States
    v Vance 2019 US Dist LEXIS 161043 (WD Va 2019);  Hammond v United

States 2019 US Dist LEXIS 180684 (WD NC 2019).  The best discussion
of this is Evey, where the Court found three reasons that 18 USC
§844(i) does not constitute a "crime of violence":

a) it can be committed against one's own property and not the prop-
erty of another;

b) the mens rea of "maliciously" is a mens rea of recklessness, and,
thus, does not require the intention to harm another necessary
for force to qualify as used;

c) it does not require one to use any force at all, but can be com-
mitted by recklessly disconnecting a gas hose, or, a similar act.

17) The identical language in 18 USC §844(f)(1) and (i) makes both of
para 16(b)-(c) applicable to 18 USC §844(f), while, as the statute
covers property partially owned or leased to the United States, it
is theoretically broad enough to cover damages to one's own property
as well.  Thus, Evey's principles, drawn from the Circuit decisions
in United States v Whaley 552 F 3d 904 (8th Cir 2009), United States
v Monroe 178 F 3d 304 (5th Cir 1999), United States v Wiktor 146 F 3d
815 (10th Cir 1998), United States v Gullett 75 F 3d 941 (4th Cir
1990), and, United States v McBride 724 F 3d 754 (7th Cir 2013),
should guide this Court in finding that 18 USC §844(f) does not de-
scribe a crime of violence.

18)  As 18 USC §844(f) does not describe a crime of violence, the crime
charged in Count 5, the bombing of the US embassy in Nairobi, Kenya,
was not a crime of violence, and, Count 283 should be vacated.  This,
in turn, requires the vacatur of the sentence for each other count,
and, a new sentencing.  see, eg, United States v Riga 583 F 3d 108
(2nd Cir 2009) (vacatur of conviction requires de novo resentencing).

For the above good cause shown, al-Owhali asks this Court to vacate his

counts, and, to set this matter for de novo resentencing in the South-
ern District of New York.

                              Respectfully Submitted,


                              _____
                              Mohamed al-Owhali #42371-054
                              USP-Marion
                              PO Box 1000
                              Marion, IL 62959

                CERTIFICATE OF SERVICE
                ----------------------

I hereby certify that this Motion to Vacate was mailed to the Clerk of
the Court and the US Attorney's Office for the Southern District of New
York, 1st Class Postage prepaid, this 21th day of January , 2020.


                              _____
                              Mohamed al-Owhali

Alowhali Mohamed
42371054
United State Penitintery
PoBoX 1000
Marion IL 62959

<>42371-054<>
Daniel Patrick Moynihan
United States Couthouse
500 Pearl ST
Room 120
NEW YORK, NY 10007
United States





