UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MOHAMED RASHED DAOUD AL-'OWHALI,

                Movant,

      -against-                                    20-cv-0832 (LAK)
                                                      [98-cr-01023(LAK) ]

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        The motion for relief under 28 U.S.C. § 2255 [Dkt. 2131] is denied, substantially but, with one caveat, for the reasons provided in the government's memorandum [Dkt. 2136]. The caveat is that the Court rejects the government's argument that movant has not shown cause for the Court to consider his procedurally defaulted claim, which is based on *United States v. Davis*.[1] Movant was convicted long before *Davis* was decided, and any appeal he had filed challenging 18 U.S.C. § 924(c)'s definition of "crime of violence" as unconstitutionally vague would have failed at the time under controlling Second Circuit precedent.[2]

        However, the Court agrees substantially with the remainder of the government's argument. In particular, the Court concludes that movant has not shown the actual prejudice required to overcome his procedural default. A violation of 18 U.S.C. § 844(f)(1), which prohibits the malicious damage or destruction of government property by means of fire or explosives, is categorically a crime of violence because its elements include the use of physical force against the

---

[1] 139 S. Ct. 2319 (2019).

[2] *See Lewis v. United States*, No. 16-cr-0212 (LAK), 2020 WL 3498710, at *2 (S.D.N.Y. June 29, 2020) ("The government argues that [movant] could have raised a *Davis*-like argument [on direct appeal]. This argument, however, would have been rejected by the Second Circuit. Indeed, the Circuit continued to uphold Section 924(c)(3)(B) residual clause convictions until *Davis* was decided in 2019. Accordingly, Second Circuit precedent foreclosed movant's present claim that his conviction is invalid after Davis. That is sufficient cause." (citing *United States v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018)).

property of another, specifically the federal government.³ Moreover, the count under which movant was convicted was based also on 18 U.S.C. § 844(f)(3), which criminalizes conduct causing the aforementioned damage or destruction of government property that "directly or proximately causes the death of any person." Using fire or explosives to damage or destroy government property and thereby causing the death of another person is a crime that has as an element the use of physical force against the person of another.

Movant relies on a California district court decision holding that "Section 844(i)'s *mens rea* requirement [of "malice"] fails to satisfy the force clause because it incorporates a mens rea of recklessness."⁴ Section 844(f), movant argues, requires also a mens rea of malice. But for the reasons explained by the government, the Court disagrees that a statute requiring a *mens rea* of malice in damaging or destroying government propery by means of fire or explosives fails to satisfy Section 924(c)(3)(A).⁵

Movant argues also that damaging or destroying government property by means of fire or explosives does not necessarily require the use of physical force. But "'physical force' is simply force exerted by and through concrete bodies, as opposed to intellectual force or emotional force."⁶ It is difficult to understand, and movant does not attempt to explain, how one could light a fire or ignite an explosive, or use fire or explosives to destroy property, without using physical

---

3

*See* 18 U.S.C. § 924(c)(3)(A) (defining a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person *or property* of another" (emphasis added)).

Movant cites to several out of circuit decisions holding that a different provision, 18 U.S.C. § 844(i), does not establish a crime of violence because, among other reasons, it includes arson committed against one's own property, which is not the "property of another" as required by Section 924(c)(3)(A). *See, e.g., United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018). Section 844(f)(1), however, applies only to property belonging to the federal government, which necessarily is the property of another.

4

*Evey v. United States*, No. 16-cv-08900 (SVW), 2018 WL 6133407, at *6 (C.D. Cal. May 10, 2018).

5

*See Voisine v. United States*, 136 S. Ct. 2272, 2278 (2016) (holding that phrase "use . . . of physical force" in 18 U.S.C. § 921(a)(33)(A)(ii) applies to reckless assaults and rejecting an argument that the word "use" "indicates that indicates that [the misdemeanor crime of violence statute, 18 U.S.C. § 922(g)(9),] applies exclusively to knowing or intentional domestic assaults").

6

*United States v. Castleman*, 572 U.S. 157, 170 (2014) (citation and quotation marks omitted).

force.[7]

The Court has considered movant's remaining arguments and finds that they are without merit. The 2255 motion [Dkt. 2131] is denied.[8] A certificate of appealability is denied, and the Court finds that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915.

SO ORDERED.

Dated: July 20, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[7] *See also Santana v. Holder*, 714 F.3d 140, 144 (2d Cir. 2013) (holding that "fire is a physical force").

[8] To the extent that movant argues that his procedural default should be excused on the ground that he has made a showing of actual innocense, the Court disagrees. As the government notes, movant's argument for innocence appears to one in the same with his *Davis* argument, *i.e.*, that because of the purported ground for overturning his conviction, he is innocent of the crimes of which he was convicted.