UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

     against-                 98-cr-1023 (LAK)

MOHAMED RASHED DAOUD AL 'OWHALI,

     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

  The defendant was convicted of multiple felonies in connection with the 1998 bombings of United States Embassies in East Africa and sentenced principally to a term of life imprisonment followed by consecutive terms of imprisonment of 10 and 30 years. Dkt. 640. The judgment was affirmed by the Court of Appeals. Dkt. 744. It again was affirmed by the Court of Appeals after a remand to consider whether defendant's confession was voluntary. Dkt. 1097. His Section 2255 motion, which was addressed only to one of many counts of conviction. was denied by this Court last year. Dkt. 2150. Defendant currently is serving his sentencing in the United States Penitentiary in Marion, Illinois. The matter now is before the Court in regard to a recent letter from the defendant.

  Defendant reports that he now is held in the Special Housing Unit at USP Marion, that he is on a hunger strike, and that he has been fed involuntarily. He claims that the warden has failed to notify the Court of the involuntary feeding in alleged violation of the applicable Bureau of Prisons ("BOP") Program Statement. He argues also that he on one occasion involuntarily was "force fed" a nutritional supplement in alleged violation of his claimed religious obligation to fast on the day in question. The letter expresses doubt as to what if any responsibility this Court has and does not expressly seek any relief.

  First, the BOP Policy Statement with respect to hunger strikes, P5562.05, differentiates between rules and implementing information. The implementation information to Section 10c states that the "Warden shall provide prompt notification and any involuntary treatment under this Program Statement [*sic*] to the sentencing judge, with an explanation of the background of and the reasons for the treatment." The Program Statement is not explicit as to whether this implementation information is obligatory. In any case, however, no regulation or statute of which the Court is aware confers upon the sentencing judge any authority to take any action with respect

2

to any failure to notify or any action a warden may take under the Program Statement.[1]

Second, the defendant retains some rights with respect to the exercise of his religion while imprisoned. At present, however, the Court has only an unsworn letter that, read generously, might be interpreted as alleging some violation of that right.

But the bottom line here is straight forward. Any claim that defendant may have with respect to the matters related in his letter pertains not to the validity of his conviction and continued incarceration, but to the conditions of his confinement. If defendant has any such legally cognizable grievance or claim, it is a civil claim against the warden and/or any other allegedly responsible person(s). No such claim is cognizable as part of this criminal case, which has been fully concluded save for a pending appeal from the denial of defendant's 2255 motion addressing only one count of conviction. Accordingly, assuming *arguendo* that it were permissible to read defendant's letter as asserting claims along the lines outlined above, it would not properly be before this Court. It therefore is denied. This ruling is without prejudice to any civil action raising these claims that defendant may wish to commence in a district court in which personal jurisdiction could be obtained over the persons against whom the claims were asserted, in this case presumably the United States District Court for the Southern District of Illinois.

SO ORDERED.

Dated:   August 26, 2021

_____
Lewis A. Kaplan
United States District Judge

---

[1] No such obligation is imposed on the warden nor authority conferred on the sentencing court by the applicable BOP regulation. 28 C.F.R. Part 549, Subpart E.